UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GINA KROL, as Trustee of the Bankruptcy Estate of VIPER TRANS, INC., Debtor,<br><br>Plaintiff,<br><br>v.<br><br>WHITTEN LAW OFFICE, LLC, MICHAEL T. TERWILLIGER, and GREAT WEST CASUALTY COMPANY,<br><br>Defendants. | CAUSE NO.: 2:23-CV-366-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Remand [ECF No. 21], filed by Plaintiff Gina Krol, as Trustee of the Bankruptcy Estate of Viper Trans, Inc., Debtor. Because the Court finds an equitable basis for remand under 28 U.S.C. § 1452(b), the Court grants the Motion to Remand and denies all remaining pending motions as moot.

## BACKGROUND

The Plaintiff Gina Krol, as Trustee of the Bankruptcy Estate of Viper Trans, Inc., Debtor, makes the following factual allegations in the Amended Complaint. Viper Trans, Inc. (Viper), an Illinois corporation, was an interstate motor carrier transporting products and goods via tractor-trailer. Am. Compl. ¶ 4, ECF No. 12. On May 11, 2016, a Viper tractor-trailer crashed into a line of vehicles stopped for a red light on northbound State Road 49 at its intersection with Gateway Boulevard in Chesterton, Indiana. *Id.* ¶¶ 6–11. Four individuals were injured in the crash, including Cindy Kroft. *Id.* ¶¶ 15, 17. Cindy sustained catastrophic injuries from the crash, and her husband Mark Kroft suffered a substantial loss of her consortium. *Id.* ¶¶ 15–16. The others suffered minor and insignificant injuries compared to Cindy. *Id.* ¶ 18.

On September 26, 2016, the Krofts filed suit against Viper and other defendants in the Circuit Court of Cook County, Illinois, Law Division, under case number 2016L009466. *Id.* ¶ 25. The other injured motorists also filed lawsuits. *Id.* ¶¶ 26–27.

Defendant Great West Casualty Company (Great West) had issued a liability policy to Viper insuring its tractor-trailer, driver, and others for this Indiana accident with liability limits of $1,000,000.00. *Id.* ¶¶ 19–20. Defendant Great West selected and retained Whitten Law Office and Michael T. Terwilliger (jointly, the WLO Defendants) to defend Viper against the claims and lawsuits of the Krofts and the others injured in the crash. *Id.* ¶¶ 24, 28.

The Plaintiff alleges that in 2019 the Krofts made offers to settle their claims within Defendant Great West's policy limits but the offers were never accepted. *Id.* ¶¶ 51, 55, 75–76. Instead, without Viper's knowledge or consent, Defendant Great West settled the minor claims of the others who were injured, which reduced the policy limits available to settle the Krofts' claims. *Id.* ¶¶ 60–65, 80–89. The attorney principally responsible for representing the Krofts prior to trial was an Indiana attorney, located in Indiana; relevant communications were made by Defendant Great West's agents in Indiana from its Indiana office to the Krofts' attorney in Indiana; and Great West's decisions regarding defense and settlement of the Krofts' lawsuit were made by its employees in Indiana. *Id.* ¶¶ 95–98.

In October 2019, Defendant Great West selected new counsel for Viper in place of the WLO Defendants. *Id.* ¶ 102. Following an admission of liability by the defendants, the Krofts' claims against Viper proceeded to trial on the issue of damages only, and on May 13, 2021, a jury returned a verdict in favor of the Krofts, which totaled $41,301,020.38 after a set-off. *Id.* ¶¶ 120–21.

2

On March 23, 2022, Viper filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Case No. 22-03339. *See In re Viper Trans., Inc.*, Case No. 22-03339 (Bankr. N.D. Ill.). The Plaintiff's tort claims against the WLO Defendants and Great West in the instant lawsuit were listed as, and remain today, the only assets of Viper's bankruptcy estate. *See id.* at ECF No. 1, p. 9, ¶¶ 70, 74. On June 13, 2022, the Krofts each filed a proof of claim following the judgment on the original jury verdict. *Id.* at Claims Register 5-1, 6-1. On September 12, 2022, the bankruptcy court modified the automatic stay to allow the Krofts to proceed against Viper in the non-bankruptcy action solely to collect any applicable insurance proceeds. *Id.* at ECF No. 22.

On December 1, 2022, the Illinois state court granted the defendants' post-trial motion and ordered a new trial on damages in the Krofts' personal injury action. Am. Compl. ¶ 122.

On June 27, 2023, the bankruptcy court again modified the automatic stay to allow the Krofts to litigate the case against Viper to final judgment in whatever amount allowed by state law, to collect the judgment against Viper outside the bankruptcy court solely to the extent of any insurance proceeds, and to file an amended proof of claim to reflect any new judgment amount less the insurance proceeds. ECF No. 54, *In re Viper Trans., Inc.*, Case No. 22-03339.

Following the jury trial on damages in the Illinois state court, on July 14, 2023, excess judgments were entered in favor of the Krofts and against Viper totaling $42,075,000.00. Am. Compl. ¶ 125. The Krofts each filed an amended proof of claim on February 8, 2024. Claims Register 5-2, 6-2, *In re Viper Trans., Inc.*, Case No. 22-03339.

The Plaintiff first filed the instant state law tort claims against Defendant Great West and the WLO Defendants in Illinois state court. *Gina Kroll v. Great West Casualty Company, Michael T. Terwilliger, and Whitten Law Office LLC*, Case No. 2023L008125 (Cir. Ct. Cook

Cnty. Ill.).[1] Defendant Great West removed the case to the United States District Court for the Northern District of Illinois, and the Plaintiff voluntarily dismissed the complaint without prejudice. *Gina Krol v. Great West Casualty Company, Michael T. Terwilliger, and Whitten Law Office LLC*, Case No. 23-CV-12961 (N.D. Ill.).

On September 25, 2023, the Plaintiff refiled the state law tort claims in the Porter County, Indiana, Superior Court, against Whitten Law Office, LLC and Michael T. Terwilliger. *See* ECF No. 11. The Amended Complaint, filed on September 28, 2023, adds Defendant Great West and alleges claims of legal malpractice and breach of fiduciary duty against the WLO Defendants and claims of bad faith failure to settle and negligence against Great West. ECF No. 12.

On October 23, 2023, Defendant Great West filed a Notice of Removal [ECF No. 1] pursuant to 28 U.S.C. 1452(a). On November 20, 2023, the Plaintiff filed the instant Motion to Remand [ECF No. 21], which is fully briefed and ripe for ruling.

## ANALYSIS

In the instant motion, the Plaintiff seeks remand to state court of this lawsuit that Defendant Great West removed under the Court's "related to" bankruptcy jurisdiction. For the following reasons, the Court grants the motion.

A case may be removed from state court to the "district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334, which governs the district court's bankruptcy jurisdiction, provides, in relevant part, that "the district courts shall have original and exclusive jurisdiction of all cases *under* title 11 [of the United States Code]," 28 U.S.C. § 1334(a) (emphasis added), and that "the district courts shall have original but not

---

[1] The Plaintiff's last name is spelled "Krol" in the pleadings in this Court and the bankruptcy court but is spelled "Kroll" in the Illinois state court case.

4

exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in* or *related to* cases under title 11," *id.* § 1334(b) (emphasis added).[2]

A cause of action "'arises under' the Bankruptcy Code when it presents a substantive question of bankruptcy law." *Bush v. United States*, —F.4th—, —, No. 16-3244, 2024 WL 1854093, at *3 (7th Cir. Apr. 29, 2024) (citing *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990)). "A dispute 'arises in' bankruptcy if it concerns a matter that is exclusive to bankruptcy law and practice." *Id.* (citing *In re Repository Techs., Inc.*, 601 F.3d 710, 719 (7th Cir. 2010)). In the Seventh Circuit, a dispute is "related to" bankruptcy when it "affects the amount of property available for distribution or the allocation of property among creditors." *Id.* at *5 (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987));[3] *In re Fedpak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996)). "Related to" bankruptcy jurisdiction "is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others." *Zerand–Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994); *see Bush*, — F.4th at —, 2024 WL 1854093, at *3. "A secondary purpose is to force into the bankruptcy court suits to which the debtor need not be a party but which may affect the amount of the property in the bankrupt estate." *Id.* at 161–62; *see also Bush*, —F.4th at —, 2024 WL 1854093, at *3 ("[T]he 'related to' jurisdiction in the

---

[2] The jurisdictional grant of § 1334(b) includes an exception for § 1334(e)(2), which provides: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327." 28 U.S.C. § 1334(e)(2). Section 327 governs the employment of professionals, including attorneys, by the bankruptcy trustee "to represent or assist the trustee in carrying out the trustee's duties under [title 11]." 11 U.S.C. § 327(a). There are no claims under § 327 in this action, and no defendant argues exclusive jurisdiction under this section.

[3] Addressing for the first time "the distinction between *ex ante* and *ex post* perspectives" regarding "related to" bankruptcy jurisdiction, the Seventh Circuit in *Bush* aligned itself with the other circuits and held that "the related-to jurisdiction must be assessed at the outset of the dispute[] and is satisfied when the resolution has a potential effect on other creditors." —F.4th at —, 2024 WL 1854093, at *5. Here, a resolution in favor of the Plaintiff has a potential effect on creditors because a judgment would be an asset of the estate available for distribution to creditors.

second clause of § 1334(b) . . . is how most non-bankruptcy issues, such as tort and contract disputes, come within a bankruptcy judge's powers.").

Here, Defendant Great West explicitly removed this action under the Court's "related to" bankruptcy jurisdiction under § 1334(b). *See* Not. of Removal ¶ 4, ECF No 1.[4] And all parties agree that this Court has "related to" bankruptcy case jurisdiction under § 1334(b) because a verdict or settlement in favor of the Plaintiff—the bankruptcy Trustee—would affect the amount of property for distribution in debtor Viper's bankruptcy estate. *See, e.g.*, *Prime Dev., Inc. v. First Clover Leaf Bank*, No. 10-445, 2010 WL 4919608, at *1 (S.D. Ill. Nov. 29, 2010); *Pio v. Gen. Nutrition Cos., Inc.*, No. 06 C 2140, 2006 WL 3147721, at *2–4 (N.D. Ill. Oct. 31, 2006).[5]

---

[4] The Notice of Removal provides: "This is a claim related to the Viper bankruptcy case in that it involves both (1) a cause of action allegedly owned by the debtor that become[sic] property of the Bankruptcy Estate, and (2) claims that would have a substantial effect on the Bankruptcy Estate. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 5 (1995)." Not. of Removal ¶ 4.

[5] In its response brief, Defendant Great West also asserts that this case "arises out of" the bankruptcy case pending in the Northern District of Illinois. Great West Resp. 1, 2, 9, 10, 13, ECF No. 34. Great West does not cite a source for "arises out of" bankruptcy jurisdiction, and the state law claims in this case neither present "a substantive question of bankruptcy law" ("arising under") nor "concern[] a matter that is exclusive to bankruptcy law and practice" ("arising in"). *See Bush*, —F.4th at —, 2024 WL 1854093, at *3. The case cited by Great West, *McDonald v. Fairfield Pathologists, Inc.*, held that, because the debtor's state law medical malpractice claim was property of the bankruptcy estate, the debtor lacked standing to bring the claim in his own name and only the trustee could bring the claim on the debtor's behalf. 580 N.E.2d 690, 692–93 (Ind. Ct. App. 1991). *McDonald* does not support any other basis of jurisdiction.

    Great West also contends that the bankruptcy court has exclusive jurisdiction over this case because the insurance policy is property of the Viper bankruptcy estate. Great West Resp. 6. However, this reasoning is contrary to the plain language of § 1334(b), which provides that the district court has "original but *not exclusive* jurisdiction of all civil proceedings . . . related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). It is unclear whether Great West is arguing for exclusive jurisdiction under § 1334(e)(1), which provides that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." *Id.* § 1334(e)(1). Great West does not explicitly apply § 1334(e)(1) to the facts of this case, nor does it cite any case law that would support a finding of exclusive jurisdiction under § 1334(e)(1) over these tort claims. Notably, the district court in *Prime Development, Inc.*, specifically rejected a defendant's assertion of exclusive jurisdiction under § 1334(e)(1) over a debtor's state law claims as property of the bankruptcy estate where the claims had been removed under "related to" bankruptcy jurisdiction under § 1334(b), agreeing with a Sixth Circuit case that such an interpretation of "property" under § 1334(e) would render the permissive and mandatory abstention provisions of § 1334(c) "useless." 2010 WL 4919608, at *1–2 (citing cases). To the extent Great West relies on *Celotex v. Edwards*, the Supreme Court did not address the issue of exclusive

The statute that provides for the removal of actions "related to" a bankruptcy proceeding likewise gives the Court the discretion to remand the claim on any equitable ground: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b); *see In re U.S. Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997); *AEL Fin., LLC v. Tessier*, No. 06 C 6875, 2007 WL 781727, at *5 (N.D. Ill. Mar. 12, 2007); *Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, No. 06–606, 2007 WL 273766, at *2 (S.D. Ill. Jan. 26, 2007). Courts considering equitable remand under § 1452(b) often apply the following seven-factor test: (1) the extent to which judicial resources will be duplicated or inefficiently used; (2) whether remand will adversely affect the administration of the bankruptcy estate; (3) whether the case involves state law issues better addressed by a state court; (4) comity considerations; (5) whether there is prejudice to unremoved parties; (6) whether the remand lessens the possibility of inconsistent results; and (7) whether the court in which the action originated has greater expertise. *See Fuller v. A.W. Chesterton, Inc.*, Civ. No. 09-675, 2009 WL 2855368, at *2 (S.D. Ill. Sept. 3, 2009); *Littlefield*, 2007 WL 273766, at *2; *Dalen v. Clamage*, No. 97 C 5174, 1997 WL 652343, at *6 (N.D. Ill. Oct. 10, 1997). These "factors are to be weighed flexibly according to the circumstances of the case, and the decision regarding remand is committed to a court's discretion." *Fuller*, 2009 WL 2855368, at *2; *Littlefield*, 2007 WL 273766, at *2; *Pio*, 2006 WL 3147721, at *4 (citing *In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)).[6]

---

jurisdiction but rather addressed whether the court had "related to" bankruptcy jurisdiction. 514 U.S. at 309. And the Supreme Court recognized that "related to" jurisdiction is original but not exclusive. *Id.* at 307. Because any argument for exclusive jurisdiction under § 1334(e) is undeveloped, Great West has waived it. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

[6] In the alternative, the Plaintiff argues for permissive abstention under 28 U.S.C. § 1334(c)(1), which allows a district court, "in the interest of justice, or in the interest of comity with States courts or respect for State law [to abstain] from hearing a particular proceeding arising under title 11 or arising in or related

Because of the predominance of state court issues in this case, the third, fourth, and seventh factors of the ability of state courts to better address state law issues, comity, and the expertise of the original state court weigh strongly in favor of remand. The Plaintiff's Complaint alleges only state law claims of legal malpractice, breach of fiduciary duty, bad faith, and negligence. The Court agrees that "whenever possible, state courts should decide issues of state law, particularly when, as here, state-law claims were sued on originally in state court." *Fuller*, 2009 WL 2855368, at *3 (quoting *Pio*, 2006 WL 3147721, at *5 (quoting *Klohr*, 2006 WL 1207141, at *5)); *see In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 321 (S.D. Ill. 2007) (noting that "such power as federal courts possess to interpret and apply state law is, at best, a negative power or, perhaps more properly, a badge of weakness, arising as it does from the fact that such courts lack constitutional authority to create a broad body of common law" (citing *Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995))).

In response, the Defendants contend that Illinois substantive law will apply to the state law claims, whereas the Plaintiff argues for application of Indiana substantive law. At a minimum, Indiana choice of law principles will govern which state's law applies. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Standard Fusee Corp.*, 940 N.E.2d 810, 813 (Ind. 2010) ("Because this case was filed in Indiana, Indiana's choice-of-law rules apply."). And, "[a] choice of law analysis is only necessary if there is a conflict between the laws of the states in question." *Stonington Ins. v. Williams*, 922 N.E.2d 660, 665 (Ind. Ct. App. 2010); *see Rodriguez v.*

---

to a case under title 11." 28 U.S.C. § 1334(c)(1). Because remand is appropriate under § 1452(b), the Court declines to consider the Plaintiff's parallel arguments for permissive abstention under § 1334(c)(1). *See Good v. Kvaerner U.S., Inc.*, No. 1:03-CV-0476, 2003 WL 21755782, at *5 n.14 (S.D. Ind. July 25, 2003) ("Because we have determined that remand is appropriate, we need not consider Plaintiff's abstention arguments."); *Pio*, 2006 WL 3147721, at *4 ("The analysis for permissive abstention and equitable remand are almost identical." (citing *Klohr v. Martin & Begley*, No. 05-456, 2006 WL 1207141, at *14 (S.D. Ill. May 4, 2006))).

*Rodriguez*, 818 N.E.2d 993, 996 (Ind. Ct. App. 2004) ("Where Indiana and Illinois law is the same, the trial court should apply the law of the forum."); *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) ("As a preliminary matter, the court must determine whether the differences between the laws of the states are 'important enough to affect the outcome of the litigation.'"). If a choice of law analysis is necessary and results in the application of Illinois law, Indiana state courts are especially capable of applying Illinois law.

   The Defendants also argue that they have raised affirmative defenses contesting whether the Plaintiff's claims had accrued and were property of the bankruptcy estate at the time Viper filed bankruptcy, and they contend these defenses must be decided under bankruptcy, not state, law. Even if these issues are decided by bankruptcy law, the state court can apply bankruptcy law. *See, e.g.*, *Dotlich v. Tucker Hester, LLC*, 49 N.E.3d 571, 577 (Ind. Ct. App. 2015) ("Whether a particular interest held by the debtor is 'property of the estate' is a question of federal bankruptcy law, but the nature and extent of that interest is defined by state law."); *Capalla v. Best*, 198 N.E.3d 26, 32–36 (Ind. Ct. App. 2022) (holding that the plaintiffs were barred by the doctrine of judicial estoppel and lacked standing to bring their claims for failing to timely disclose their interest in the civil claims in their bankruptcy proceedings). Moreover, this is only one issue, and state law issues otherwise predominate.

   When a case is removed based on "related to" bankruptcy jurisdiction, the Seventh Circuit has indicated that "[t]he use of the Bankruptcy Code to obtain a [federal] forum should not be encouraged" and that "questions of [state] law should be decided by the state courts . . . rather than by [a federal] court." *In re U.S. Brass Corp.*, 110 F.3d at 1265; *see also In re Laddusire*, 494 B.R. 373, 381 (Bankr. W.D. Wis. 2013); *Prime Dev., Inc.*, 2010 WL 4919608, at *3; *Fuller*, 2009 WL 2855368, at *3. Twice the Plaintiff has filed her state law claims in state

9

court, and twice Great West has removed the claims to federal court under the Court's bankruptcy jurisdiction with the intent of obtaining a federal forum.

Another important issue to the request for equitable remand is the fact that this case is not a "core" bankruptcy proceeding under 28 U.S.C. § 157. *See Littlefield*, 2007 WL 273766, at *3; *Freecrest Inv., LLC v. Privatebank and Tr. Co.*, No. 10 C 8235, 2011 WL 3100882, at *2–3 (N.D. Ill. July 15, 2011) ("The fact that this case is a non-core proceeding weighs heavily in favor of remanding it to state court.").[7] "A proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). In contrast, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id.* Here, the Plaintiff brings non-core claims, supporting remand.[8]

As for the extent to which judicial resources will be duplicated or inefficiently used, the WLO Defendants are correct that this case is not duplicative of other proceedings. However, the interest of judicial efficiency is served by remand of these state law claims as this Court has expended minimal resources at this early stage of the litigation. *See Bode v. Aerco Int'l, Inc.*, No 13-CV-1310, 2014 WL 1661345, at *4 (S.D. Ill. Apr. 25, 2014) ("It does not make sense for the

---

[7] *In re Charmoli*, cited by the WLO Defendants, is inapposite because that court found that the claims were core proceedings under 11 U.S.C. § 157(b)(2)(O) and specifically rejected the assertion that the claims were only "related to" the bankruptcy case. 652 B.R. 845, 870–73 (Bankr. E.D. Wis. 2023).
[8] Both Defendants cite *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233 (7th Cir. 1990), to argue that "a proceeding need not be 'core' to the bankruptcy case to be integrally related." WLO Resp. 13, ECF No. 35; *see* Great West Resp. 11. However, the court in *Diamond Mortgage* was considering whether in "non-core" bankruptcy proceedings involving disputed questions of state law, the court should consult the Bankruptcy Rules or state long-arm statutes to determine whether it had personal jurisdiction over the defendants. 913 F.2d at 1239. In answering that question, the court first found that the district court had "related to" bankruptcy jurisdiction over the suit under § 1334(b) because "its resolution may have a direct and substantial impact on the asset pool available for distribution to the estates." *Id.* This is consistent with the "related to" bankruptcy jurisdiction finding in the instant case. *Id. Diamond Mortgage* did not involve any question of remand or abstention.

Court to expend time and resources, where it has so far invested very little, on a case having a minimal relation to federal law.").

Next, there is no indication that remand will adversely affect the administration of the bankruptcy estate. The bankruptcy court is aware of these state law claims because it approved the Trustee's retention of special counsel to pursue the claims, and the Plaintiff in this action is the bankruptcy trustee and thus will have access to any judgment or settlement. *See Prime Dev., Inc.*, 2010 WL 4919608, at *3 (finding that remanding the case would "have little effect on the administration of the bankruptcy proceeding as the bankruptcy court is already aware of the case in state court"); *Littlefield*, 2007 WL 273766, at *5 (same); *Klohr*, 2006 WL 1207141, at *4 (same); *Beasley v. Pers. Fin. Corp.*, 279 B.R. 523, 534 (S.D. Miss. 2002) ("[R]emanding the case will not [affect] the efficient administration of [the plaintiff's] bankruptcy estate. The bankruptcy trustee has equal access in either this Court or state court to any judgment, award, or settlement [the plaintiff] receives from Defendants."). Notably, the Plaintiff—the bankruptcy Trustee—chose to bring the action in state court and is advocating for remand. *See, e.g.*, *Borgini v. Purdue Pharma Co.*, No 05-71455, 2005 WL 2205714, at *2 (Bankr. C.D. Ill. Aug. 25, 2005) (finding permissive abstention under 1334(c)(1) proper, in part, because "the Trustee—who is charged with administration of the bankruptcy estate—is the movant for abstention or remand and believes that administration would not be enhanced by retaining the state court action in this Court").[9]

Finally, the fifth and sixth factors are inapplicable as there are no unremoved parties and there is no possibility of inconsistent results.

---

[9] The WLO Defendants cite *In re Fed. Storage & Moving Co.*, 22 B.R. 15 (1982), in which the court declined to abstain in part because the state court action was the debtor's only asset. That case is distinguishable because the court was considering an adversary complaint filed in the bankruptcy proceeding where there was no state court that could receive the case efficiently on remand.

In their response briefs, the Defendants cite cases that apply a slightly different set of seven factors for remand under § 1452(b) that includes two additional factors: prejudice to the involuntarily removed parties and forum non conveniens. *See In re Hearthside Baking Co.*, 391 B.R. 807, 818 (Bankr. N.D. Ill. 2008).[10] Here, prejudice to the involuntarily removed party—the Plaintiff Trustee—supports remand because the Plaintiff's chosen forum is state court. *See Klohr*, 2006 WL 1207141, at *6 ("[I]t is prejudicial to Plaintiffs to be required to litigate their claims in a court that they did not select."); *Pio*, 2006 WL 3147721, at *5 ("[P]laintiffs' choice of forum is an important consideration."); *see also In re U.S. Brass Corp.*, 100 F.3d at 1265 (recognizing that an insurer had a right to pursue state law claims in state court).

"'Forum non conveniens' refers to the court's discretionary power to decline jurisdiction when the convenience of the parties and the interest of justice are better served if the action is heard elsewhere." *In re Mill-Craft Bldg. Sys., Inc.*, 57 B.R. 531, 533 (Bankr. E.D. Wis. 1986); *see Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Here, this factor is neutral or slightly favors remand as the allegations of the Amended Complaint show that the events of the underlying vehicular crash occurred in Indiana, the WLO Defendants are an Indiana law firm and attorney located in Indiana, Great West's claim personnel responsible for the Kroft's claims are located in Great West's Indiana regional office, the Krofts reside in Indiana, and the Krofts' attorneys are located in Indiana. The Plaintiff also contends that many of the allegations of negligence, breach of duty, and bad faith occurred in Indiana. And, the WLO Defendants argue that all parties are either located or licensed in Indiana, while acknowledging

---

[10] The alternate test sets out these seven factors: "(1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) *forum non conveniens*; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the first court." *In re Hearthside Baking Co.*, 391 B.R. at 818 (quoting *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 772 (N.D. Ill. 1993)).

that they are located in Indiana. In contrast, Defendant Great West contends that the efforts to settle occurred in an Illinois mediation. To the extent the Defendants are suggesting the United States District Court for the Northern District of Illinois is more convenient, the Everett M. Dirksen U.S. Courthouse in Chicago, Illinois, is only 59 miles from the Porter County Courthouse in Valparaiso, Indiana.

Finally, Defendant Great West references the two lift-stay orders issued by the bankruptcy court to permit the Krofts to pursue their personal injury claims against Viper in Illinois state court, contending that the bankruptcy court is best equipped to determine the meaning of those orders. However, the Krofts are not a party to the instant litigation, and the lift-stay orders are not relevant to the Plaintiff Trustee's claims against Great West and the WLO Defendants. *Cf. Littlefield*, 2007 WL 273766, at *5 (recognizing that, although the case was being remanded to court, the bankruptcy court would have to lift the stay to allow the state action to proceed against the debtor, who was the defendant in the state court action).

For all these reasons, the Court, in its discretion, finds equitable remand appropriate under 28 U.S.C. § 1452(b) and remands this case to state court. As a result, the Court denies all other pending motions as moot. *See id.* at *2 ("It is within a court's discretion to review a request for remand of a case removed in bankruptcy jurisdiction to state court first, before deciding a motion to transfer the case to a bankruptcy court in which a related proceeding is pending." (citing cases)). This includes the motions for Rule 11 sanctions, and the related motions to stay briefing, which go to the factual allegations of the pleadings originally filed in state court and are matters better addressed by the court presiding over the merits on remand. *Cf. Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992) (holding that district courts *may* impose sanctions pursuant to Federal Rule of Civil Procedure 11 even when the court lacks subject matter jurisdiction and

13

the case is remanded to state court); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that "district courts *may* enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)" (emphasis added)).

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Plaintiff's Motion to Remand [ECF No. 21]. As a result, the Court DENIES as moot all other pending motions at docket entry numbers 26, 38, 41, 53, 68, 70, 84, 85, 87, and 95. The Clerk of Court is directed to remand this matter to the Porter County, Indiana, Superior Court.

SO ORDERED on May 15, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT